THE STATE, EX REL. GINGRICH ET AL., APPELLANTS, *v.* FAIRFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

[Cite as State, ex rel. Gingrich, *v.* Fairfield City Bd. of Edn. (1985), 18 Ohio St. 3d 244.]

(No. 85-313—Decided July 17, 1985.)

*Snyder, Rakay & Spicer* and *Peter J. Rakay,* for appellants.

*Ennis, Roberts & Fischer Co., L.P.A., Judy L. Pershern* and *George E. Roberts III,* for appellees.

*Per Curiam.* Two questions are raised by this appeal. First, we must determine whether the two-year statute of limitations set forth in R.C. 2305.11 or the six-year statute of limitations set forth in R.C. 2305.07 applies to appellants' claims for back compensation for substitute teaching credits. If we find the six-year statute of limitations applicable, we must determine whether mandamus is the appropriate remedy to compel appellees to make payments to appellants.

In response to the first inquiry, we find the six-year statute of limita-

tions set forth in R.C. 2305.07 applicable to claims for back compensation given for substitute teaching credits granted pursuant to R.C. 3317.13, 3317.14, and *Crawford, supra.* R.C. 2305.07 states in pertinent part:

"* * * [A]n action * * * upon a liability created by statute other than forfeiture or penalty, shall be brought within six years after the cause thereof accrued." In contrast R.C. 2305.11 states in pertinent part:

"* * * [A]n action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued."

At first blush, appellants' claims appear indistinguishable from "action[s] by * * * employee[s] for the payment of unpaid minimum wages * * *" governed by the two-year statute of limitations. Appellants' salaries can be considered wages under the definition provided in R.C. 4111.01(B) of the Ohio Fair Minimum Wage Standards Act. Additionally, R.C. 3317.13 and 3317.14, which provide the basis for appellants' claims, specify minimum salary levels. Upon closer scrutiny, however, it is clear that appellants do not qualify as "employee[s]" for the purposes of R.C. 2305.11. R.C. 4111.01(E)(4) excludes elementary school teachers from the category of "employee." Although the case at bar resembles an action for unpaid minimum wages, only "employee" actions for unpaid minimum wages are governed by the two-year statute of limitations of R.C. 2305.11. Therefore, R.C. 2305.07, the general statute placing a six-year statute of limitations on actions upon a liability created by statute, governs appellants' claims.

We must now determine the appropriate remedy to compel the board to compensate appellants for substitute teaching credits for four years in addition to what they have already been granted for the 1981-1982 and 1982-1983 school years. This court has consistently held that "a claim by a public employee of entitlement to wages or benefits which are granted by statute or ordinance is actionable in mandamus." *State, ex rel. Villari,* v. *Bedford Heights* (1984), 11 Ohio St. 3d 222, 223. See *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, *State, ex rel. Britton,* v. *Scott* (1983), 6 Ohio St. 3d 268, and *State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 2d 273 [18 O.O.3d 461]. Appellants are public school teachers. Their entitlement to compensation for prior years' substitute teaching credit is established by R.C. 3317.13 and 3317.14. Therefore, mandamus is the appropriate action to compel such compensation.

Accordingly, we reverse the judgment of the court of appeals and issue a writ of mandamus directing appellees to pay appellants back compensation for substitute teaching credits, plus appropriate amounts to the State Teachers Retirement System, based on a six-year statute of limitations.

*Judgment reversed and writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.