THE STATE, EX REL. MADDEN, APPELLEE, v. WINDHAM EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as State, ex rel. Madden, *v.* Windham Exempted Village School Dist. Bd. of Edn. (1989), 42 Ohio St. 3d 86.]

(No. 87-1877—Submitted February 8, 1989—Decided April 26, 1989.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* Anthony P. *Sgambati II* and *Barry Laine,* for appellee.

*Henderson, Covington, Stein, Donchess & Messenger* and *Christopher J. Newman,* for appellant.

ALICE ROBIE RESNICK, J. Relator asserts that once respondent has credited her with one year of service for one hundred five days of substitute teaching, it can not later withdraw such a grant. Respondent contends that it has discretionary authority to withdraw the previous grant of one year of service of fewer than one hundred twenty days where relator, after resigning in 1971, returns as a new employee several years later. Respondent further argues that a writ of mandamus is not proper, in part, because relator has an adequate remedy at law.

We initially note that this court in *State, ex rel. Villari,* v. *Bedford Hts.* (1984), 11 Ohio St. 3d 222, 11 OBR 537, 465 N.E. 2d 64, made it clear that mandamus is proper in this type of action, wherein it stated at 223, 11 OBR at 538, 465 N.E. 2d at 65:

"It is well-settled that a claim by a public employee of entitlement to wages or benefits which are granted by statute or ordinance is actionable in mandamus. See *State, ex rel. Britton,* v. *Scott* (1983), 6 Ohio St. 3d 268; *State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 273 [18 O.O. 3d 461]; *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129. In order for a writ to issue in such a case the right to relief must be clear and the amount established with certainty. See *State, ex rel. McGarvey,* v. *Zeigler* (1980), 62 Ohio St. 2d 320 [16 O.O. 3d 363]; *State, ex rel. Colangelo,* v. *McFaul* (1980), 62 Ohio St. 2d 200 [16 O.O. 3d 239]."

Furthermore, there is nothing in the record which would show that relator has a "plain and adequate remedy at law." *State, ex rel. Voss,* v. *Northwest Local Bd. of Edn.* (1981), 66 Ohio St. 2d 274, 275, 20 O.O. 3d 267, 421 N.E. 2d 516, 517. In order for a remedy to be adequate, it " 'should be complete in its nature, beneficial and speedy. *State, ex rel. Merydith Constr. Co.,* v. *Dean* (1916), 95 Ohio St. 108, 123. * * *' " *State, ex rel. Middletown Bd. of Edn.,* v. *Butler Cty. Budget Comm.* (1987), 31 Ohio St. 3d 251, 255, 31 OBR 455, 458, 510 N.E. 2d 383, 386 (dissenting opinion, per Douglas, J.). Thus, if relator has a clear legal right to compensation under R.C. 3317.14 and respondent has a clear legal duty to pay such compensation, mandamus is the appropriate remedy. See *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 131, 11 OBR 426, 428, 464 N.E. 2d 525, 529.

Therefore, the first issue for this court to resolve is whether credit for one year of service, which was given through the exercise of the discretion of the school board to a teacher with fewer than one hundred twenty days of substitute teaching experience, can later be withdrawn by the same school board.

Pursuant to R.C. 3317.14, "[a]ny board of education participating in funds distributed under Chapter 3317. of the Revised Code shall annually adopt a teachers' salary schedule with provision for increments based upon training and years of service. * * *" A minimum statutory teachers' salary schedule is in R.C. 3317.13. However, school boards may implement their own salary schedule and service requirements, "provided no teacher receives less than the amount required to be paid pursuant to section 3317.13 of the Revised Code and provided full credit for a minimum of five years of actual teaching and military experience * * * is given to each teacher." R.C. 3317.14. See, also, *Maple Hts. Teachers Assn.* v. *Maple Hts. Bd. of Edn.* (1983), 6 Ohio St. 3d 314, 6 OBR 374, 453 N.E. 2d 619, syllabus.

"Years of service" is defined in R.C. 3317.13(A)(1). In computing years of service, "full-time" substitute

teachers are treated no differently than regular teachers. Thus, one who has worked one hundred twenty days in a school year as a substitute teacher must be credited with one year of service. *Crawford* v. *Bd. of Edn.* (1983), 6 Ohio St. 3d 324, 6 OBR 382, 453 N.E. 2d 627.

In the case before us, it is undisputed that when respondent credited relator with one year of teaching experience, it was under no obligation to do so since she only had one hundred five days of teaching in the prior year. Clearly such an act was discretionary and was not the product of any mistake or fraud.

Relator's grant of credit for one year of teaching experience for one hundred five days of substitute teaching can not arbitrarily be withdrawn later. In *State, ex rel. Hura*, v. *Bd. of Edn.* (1977), 51 Ohio St. 2d 19, 5 O.O. 3d 10, 364 N.E. 2d 864, we held that once a teacher became eligible for continuing service status, he remained eligible, even though he subsequently was denied reemployment. *Id.* at 23, 5 O.O. 3d at 13, 364 N.E. 2d at 867. Likewise, relator in the case before us retained her credit of one year of service for substitute teaching even after resigning in 1971. Nothing in the record shows that this matter was ever discussed with her prior to resignation or upon reemployment. Having worked at least one hundred twenty days in school year 1970-1971, she should have been placed at step four at the start of the next school year she worked for respondent.

Respondent contends that *State, ex rel. Ford*, v. *Bd. of Edn.* (1943), 141 Ohio St. 124, 25 O.O. 241, 47 N.E. 2d 223, and not *Hura, supra,* is controlling here. However, in *Ford,* we held that a teacher clearly relinquished any right to a continuing contract by agreeing with the board that her services would terminate and she would resign at the end of the limited contract. Thus our decision in *Ford* turned on the fact that the teacher explicitly had waived any rights she may have had prior to accepting the one-year limited contract. Cf., *e.g., State, ex rel. Johnston,* v. *Bd. of Edn.* (1979), 64 Ohio App. 2d 146, 18 O.O. 3d 109, 411 N.E. 2d 833; *State, ex rel. Brubaker,* v. *Hardy* (1966), 5 Ohio St. 2d 103, 34 O.O. 2d 225, 214 N.E. 2d 79.

*Ford, supra,* is distinguishable from the instant case because here there is no action by relator which would indicate that she voluntarily and knowingly relinquished any legal right when she accepted a contract at a salary step lower than what was proper. Silence or inaction alone will not constitute a knowing and voluntary waiver of rights unless one is under an obligation to speak or act. See *Allenbaugh* v. *Canton* (1940), 137 Ohio St. 128, 17 O.O. 473, 28 N.E. 2d 354; *List & Son Co.* v. *Chase* (1909), 80 Ohio St. 42, 88 N.E. 120.

Respondent further argues that because relator resigned in 1971, she returned in 1979 as a new employee. Thus respondent contends it had the discretionary authority to reassess her substitute teaching experience upon her reemployment. We find nothing in the statute or in relevant case law, however, which would enable a school board to withdraw a prior grant of credit. In fact, the statute states "[n]o rule shall be adopted or exercised by any board of education which restricts the placement or the crediting of annual salary increments for any teacher according to the appropriate academic training level column." R.C. 3317.13 (B).

Therefore, although respondent had discretion in 1968 whether to credit relator with one year of teaching, it did not have continuing

discretion to withdraw it at a later date. In *People, ex rel. Cinquino,* v. *Bd. of Edn. of Chicago* (1967), 86 Ill. App. 2d 298, 230 N.E. 2d 85, the court there addressed the question of whether a school board, after placing a teacher at the highest salary and status level, could later revoke such placement. The court held that the school board could not rescind its prior decision and place the teacher at a lower level. " 'The Board having once acted lawfully in rating a teacher has exhausted its power over that subject matter.' " *Id.* at 306, 230 N.E. 2d at 89, quoting *Aebli* v. *Bd. of Edn.* (1944), 62 Cal. App. 2d 706, 758, 145 P. 2d 601, 627. See, also, *Barnes* v. *Bd. of Trustees of Mt. San Antonio College Dist.* (1963), 218 Cal. App. 2d 881, 32 Cal. Rptr. 609; *United Teachers of Ukiah* v. *Bd. of Edn.* (1988), 201 Cal. App. 3d 632, ____, 251 Cal. Rptr. 499, 506.

Respondent also contends that relator's action is barred by the statute of limitations. Respondent argues that her cause of action accrued in 1979 when the board initially withdrew the one-year credit for relator's substitute teaching experience and placed her at step three. Thus, according to respondent, relator's complaint, which was filed in 1986, was not timely filed within the six-year statute of limitations.

The court of appeals correctly found that relator's cause of action was within the statute of limitations because each year constituted a separate claim. Thus, pursuant to *State, ex rel. Gingrich,* v. *Fairfield Cty. Bd. of Edn.* (1985), 18 Ohio St. 3d 244, 18 OBR 300, 480 N.E. 2d 485, the appellate court held that respondent must compensate relator for the six years prior to the filing of the complaint.

In *Gingrich, supra,* we established that the six-year statute of limitations provision found in R.C. 2305.07 was applicable to claims for back compensation given for substitute teaching. Here, respondent erroneously placed relator one step lower on the salary schedule than it should have in 1979 and subsequent years. Thus each year's placement constitutes a separate and distinct claim. Pursuant to R.C. 2305.07, relator should be compensated for the six years prior to the filing of her complaint.

Lastly, respondent states that estoppel and laches must bar relator's claim. " '[E]stoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts.' " *Fleming* v. *Steubenville* (1931), 44 Ohio App. 121, 125, 14 Ohio Law Abs. 51, 53, 184 N.E. 701, 702, quoting 21 Corpus Juris (1920) 1113-1114. See, also, *State, ex rel. Cities Service Oil Co.,* v. *Orteca* (1980), 63 Ohio St. 2d 295, 17 O.O. 3d 189, 409 N.E. 2d 1018.

Although respondent contends that prejudice is inherent in the seven-year delay, the record discloses no actual prejudice. Additionally, respondent presents no evidence showing that it relied on relator's actions or inaction to its detriment. Thus the court of appeals correctly rejected the defense of estoppel.

To successfully invoke the defense of laches, " '* * * it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim." *Smith* v. *Smith* (1959), 168 Ohio St. 447, 7 O.O. 2d 276, 156 N.E. 2d 113, at paragraph three of the syllabus. An application for a writ of mandamus must be made within a

reasonable time after the alleged wrongful act occurred, but prejudice will not be inferred from a mere lapse of time. *Id.* at 456, 7 O.O. 2d at 281, 156 N.E. 2d at 120.

Thus laches may preclude the issuance of a writ if the " '* * * delay has been prejudicial to the rights of the respondent or to those of other persons.* * *' " *State, ex rel. Moore,* v. *Sanders* (1981), 65 Ohio St. 2d 72, 75, 19 O.O. 3d 264, 266, 418 N.E. 2d 1339, 1341, quoting 35 Ohio Jurisprudence 2d (1959) 289, Mandamus, Section 40. But whether the delay is sufficient to bar a writ depends on the character and circumstances of a particular case. *Chinn* v. *Trustees* (1877), 32 Ohio St. 236, 238.

Respondent here has presented no evidence that relator's delay was prejudicial to it and the court of appeals properly rejected this defense.

We affirm the decision of the court of appeals that relator had a clear legal right to be placed at step five of the salary schedule for school year 1980-1981 and that respondent had a clear legal duty to place relator on the appropriate levels of the salary schedule based on a six-year statute of limitations.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

WRIGHT, J., dissenting. I disagree with the majority's conclusion that a writ of mandamus is appropriate in this case. Accordingly, I respectfully dissent.

The dispositive issue here is whether respondent board of education had a legal duty to place relator at step four when she was reemployed for the 1979-1980 school year. This issue essentially depends on whether the board was obligated at that time to give relator a full year of credit for a prior year during which she had worked one hundred five days in another Ohio school district, and for which she had previously been given credit by the board.

Regarding Madden's initial employment by respondent, there is agreement on two points: (1) when Madden was originally hired in 1968, the board was *not* required by R.C. 3317.13 to credit her with a full year of service because she had not taught for one hundred twenty days the year before; and (2) while the board was not statutorily obligated to grant this credit to Madden, it had the *discretion* to do so under R.C. 3317.14.

When Madden was hired for the 1968-1969 school year the board placed her at step one, thereby crediting her with a full year of service. From that point on the board may have been obligated to continue to give her credit for the prior year while her employment continued, though that issue is, of course, not before us today. In any event, Madden was placed at step two for the 1969-1970 school year, and at step three for the 1970-1971 school year.

Madden resigned her position effective March 12, 1971, and she was not employed for school years 1971-1972 through 1978-1979, inclusive. When the board rehired Madden in 1979, it was obligated under R.C. 3317.13 to credit her with three years of prior service, *i.e.,* 1968-1969 to 1970-1971, inclusive. At that point the board was no longer obligated to give a full year of credit for the earlier one hundred five days of service. In continuing contract cases this court has consistently recognized that resig-

nation constitutes a waiver of entitlements. See, *e.g., State, ex rel. Brubaker,* v. *Hardy* (1966), 5 Ohio St. 2d 103, 34 O.O. 2d 225, 214 N.E. 2d 79; *State, ex rel. Ford,* v. *Bd. of Edn.* (1943), 141 Ohio St. 124, 25 O.O. 241, 47 N.E. 2d 223. Thus, Madden waived any right she had to have the earlier one hundred five days count as a full year.

Accordingly, when the board re-hired Madden in 1979, it was solely within the board's discretion whether to again grant her a full year of credit for that earlier time. It is axiomatic that mandamus will not lie to compel the board to perform this discretionary act, and the majority errs in its decision in this case.

MOYER, C.J., concurs in the foregoing dissenting opinion.