This case involves an original action to this court on a Complaint in Mandamus filed February 26, 1998, whereby relator alleges respondent misclassified relator's wage rate for her services as a substitute teacher in the Youngstown City School District. An answer was filed by respondent on May 15, 1998. Motions for summary judgment were subsequently filed by relator and respondent on November 10, 1998 and December 10, 1998 respectively. This matter now comes on for decision.
The facts indicate that relator was employed by respondent school district as a full time teacher during the 1993-1994 school year. Due to prior experience, she was placed at the BA/6, (Bachelor of Arts with 6 years experience) level on the salary schedule for the 1994-1995 school year. In the 1995-1996 school year relator had reached Step 7, (7 years of experience) on the respondent's salary schedule.
Relator was not given a regular contract for the 1996-1997 school year due to a reduction in force, but respondent employed relator as a substitute teacher, with an assignment to one specific teaching position for more than 60 days of service. Relator worked the school year for 180 days as a substitute.
For the first 60 days of substitute teaching relator was paid at the going rate for casual substitute teachers of $60.00 per day. For the remaining 120 days of teaching relator was paid a daily rate determined by dividing the salary rate at the BA/0, (Bachelor of Arts-no experience), rate of $22,780, which was based upon the applicable salary schedule in effect July 1, 1995.
Relator's sole allegation is that she should have been placed at the BA/8 pay level instead of at the BA/0 pay level.
Respondent states that the Board did not pay relator at the BA/8 step of the salary schedule, "because neither R.C. 3319.10
nor the Board's policy on compensation of substitute teachers requires it to pay her at that step."
First, as noted by relator, a writ of mandamus is the proper avenue to contest an alleged incorrect placement on a salary schedule and to request back pay. See State ex rel. Villariv. Bedford Hts.(1984), 11 Ohio St.3d 222. Also, proper payments under a salary schedule adopted pursuant to statute are recoverable in mandamus. See State ex rel. Madden v. WindhamExempted Village School Dist. Bd. of Ed.(1989), 42 Ohio St.3d 86.
Relator has signed a "Limited Contract for Employment as a Casual Substitute" for the school year 1996-1997. See respondent's Answer — Ex. A. This contract obligated relator and respondent under R.C. 3319.10, the relevant statute concerning substitute teachers. Relator was not a bargained for employee within the teachers union contract between the union and the school board during the 1996-1997 school year. See respondent's motion for summary judgment — Ex. B.
The sole issue to be decided in this case is whether R.C.3319.10 requires respondent to pay the relator at the salary schedule for BA/8 or if respondent has the discretionary option of paying relator at any lower rate of pay within the established salary schedule.
Both parties have filed motions for summary judgment in this case. Civ.R. 56 (C) states that summary judgment shall be rendered if there remains no genuine issue as to any material fact, and when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.Wing v. Anchor Media Ltd. of Texas(1991), 59 Ohio St.3d 108.
The applicable statute in this matter is that of R.C. 3319.10
which states in relevant part:
 "Teachers may be employed as substitute teachers for terms not to exceed one year for assignment as services are needed to take the place of regular teachers absent on account of illness or on leaves of absence or to fill temporarily positions created by emergencies; such assignment to be subject to termination when such services no longer are needed.
 "A teacher employed as a substitute with an assignment to one specific teaching position shall after sixty days of service be granted sick leave, visiting days, and other local privileges granted to regular teachers including a salary not less than the minimum salary on the current adopted salary schedule.
 "A teacher employed as a substitute for one hundred twenty days or more during a school year and re-employed for or assigned to a specific teaching position for the succeeding year shall receive a contract as a regular teacher if the substitute meets the local educational requirements for the employment of regular teachers."
Relator alleges that R.C. 3319.10 language granting substitute teachers, "other local privileges granted to regular teachers," includes the granting of service experience for salary schedule purposes as is granted to regular teachers. Relator cites the only case found on this issue, that being Malina v.Springfield School Dist. Bd. of Education(January 6, 1988), Clark App. No. CA 2347, unreported, where that court held that substitute teachers over 60 days assigned to one specific position were entitled to credit for education and experience for pay schedule purposes.
It is this court's opinion that the Board of Education was within its discretion when it paid relator at the salary rate for BA/0 instead of BA/8. The plain language of R.C. 3319.10 allows the Board to pay a substitute teacher, after 60 days assigned to one specific teaching position, "A salary not less than the minimum salary on the current adopted salary schedule." The minimum salary on the current adopted salary schedule was that for ND/0 (non-degree — no experience).
The "other local privileges" of the statute include "A salary not less than the minimum salary on the current adopted salary schedule." The local privilege was that the Board could pay more than the minimum, which it did in this case where it paid relator at the BA/0 rate rather than the ND/0 rate. Other, "local privileges" beyond sick leave and visiting days delineated in the statute, granted to the relator were "health insurance" and "life insurance."
Respondent has submitted evidence in the form of two affidavits from Board employees which indicate that it is local practice and custom throughout other boards of education, to pay substitute teachers in relator's circumstances, at the BA/0 rate.
As noted by respondent, the Ohio Attorney General, in response to a very similar issue, opined that:
 "It is significant that the General Assembly did not require that such substitute be paid at a rate equal to that for regular teachers with comparable experience, but only that they be paid no less than the minimum salary on the current adopted salary schedule for regular teachers." 1976 Ohio Atty.Gen.Ops. No. 068 at 2-234.
A review of other sections of the Ohio law as they relate to teachers salaries shows that previous experience is included in the statute where the legislature so intended experience to be a basis of salary.
R.C. 3317.13 titled "Salary Schedule and Job Classification for Teachers" states in relevant part:
 "In calculating the minimum salary any teacher shall be paid pursuant to this section, years of service shall include the sum of all years of the teacher's teaching service * * *"
Clearly, if the legislature intended for substitute teachers to be credited for their prior experience, the legislature would have so stated that, after 60 days of service in a specific teaching position a substitute is entitled to specifically enumerated fringe benefits and other local privileges granted to regular teachers including a salary equal to the salary on the current adopted salary schedule consistent with theteacher's experience.
For all the reasons cited above the Board of Education has no clear legal duty to pay relator at the BA/8 salary rate and relator had no clear legal right to be paid at that rate.
Relator's Motion for Summary Judgment is denied.
Respondent's Motion for Summary Judgment is granted.
Relator's Complaint in Mandamus is dismissed.
Costs taxed to relator.
Final order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
 ______________________________ JOSEPH J. VUKOVICH, JUDGE
 ______________________________ CHERYL L. WAITE, JUDGE