DECISION.
{¶ 1} Defendants-appellants, the city of Cincinnati, the Cincinnati Recreation Commission, and the Board of Trustees of the Retirement System of the city of Cincinnati (collectively, "city"), appeal the summary judgment granted by the Hamilton County Court of Common Pleas in a declaratory-judgment action filed by plaintiff-appellee, Thomas Bohannon. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Bohannon began his employment with the city in 1973. In 1983, he was terminated from his employment, and he challenged the termination before the Cincinnati Civil Service Commission and the common pleas court. While the legal challenge was pending, Bohannon applied to the city's retirement system to withdraw his accumulated retirement contribution. The retirement system granted the application and returned a total of $8,188.98 to Bohannon.
 {¶ 3} Ultimately, the trial court held that the termination was unlawful, and it ordered Bohannon reinstated to his former position. In its judgment entry of February 12, 1984, the trial court stated that "[Bohannon] shall be restored to all benefits, seniority, and compensation to which he would have been entitled."
 {¶ 4} Bohannon returned to his position with the city and, in April 2001, he inquired about the status of his retirement benefits. The retirement system informed him that, due to his withdrawal of the funds in 1983, he would be required to purchase service credit in the amount of $88,912.33 to receive the pension benefits commensurate with his years of service.
 {¶ 5} In May 2001, Bohannon filed a declaratory-judgment action with the trial court seeking an order that he was not required to purchase service credit to receive the full retirement benefits. The parties filed cross-motions for summary judgment, and in a judgment entry journalized September 9, 2002, the trial court granted summary judgment in favor of Bohannon.
 {¶ 6} In its decision, the trial court stated, "The intent of the Court [in its 1984 order] is clear. It wished to restore the parties to the position that they were in prior to the order of the Cincinnati Civil Service Commission terminating Plaintiff's employment. * * * This Court is not aware of any motion or action on the part of the Defendant herein, City of Cincinnati, to seek clarification of the order or its practical implementation. The City responded by restoring all leave accumulations without seeking reimbursement for distributions made upon termination. There is no good reason to treat retirement status any differently." The trial court then held that the city was equitably estopped from requiring Bohannon to purchase service credit to receive his full retirement benefits.[1]
 {¶ 7} The city now appeals, raising two assignments of error. In its first assignment of error, the city argues that the trial court erred in granting summary judgment in favor of Bohannon. In the second assignment, it claims that the trial court erred in applying the doctrine of equitable estoppel. Because the assignments are closely related, we address them together.
 {¶ 8} Pursuant to Civ.R.56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[3]
 {¶ 9} It is well settled that a trial court has the discretion to interpret or to clarify its own orders[4] and that such an interpretation will not be reversed absent an abuse of discretion.[5]
An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable.[6]
 {¶ 10} In the case at bar, we find no abuse of discretion in the trial court's holding that its 1984 judgment required the reinstatement of full retirement benefits. The trial court's 1984 order required the city to restore all benefits to which Bohannon would have been entitled had the city not wrongfully terminated him.
 {¶ 11} The city argues, though, that it was required to restore only those benefits to which Bohannon "would have been entitled" and that his withdrawal of his contribution vitiated any entitlement to full retirement benefits. We do not find this argument to be persuasive. As the trial court cogently noted, the city had restored all other benefits to Bohannon without seeking any reimbursement for distributions made upon termination, and there was no rational basis for treating the retirement benefits differently.
 {¶ 12} Moreover, we agree with the trial court's analysis with respect to equitable estoppel. To invoke equitable estoppel, the plaintiff must prove that the defendant, by acts, representations, or silence, intentionally or negligently induced the plaintiff to believe that certain facts existed and that the plaintiff justifiably relied and acted on that belief to his prejudice.[7]
 {¶ 13} In the case at bar, the city restored Bohannon's benefits such as vacation time and sick leave. The city thereby induced Bohannon to believe that it had fully complied with the trial court's 1984 order. Had the city believed that it had the right to treat the pension benefits differently, it should have appealed the trial court's judgment or at the very least sought clarification of the meaning of the phrase "all benefits, seniority, and compensation to which [Bohannon] would have been entitled."
 {¶ 14} In the alternative, the city should have informed Bohannon of its intent to treat the pension benefits differently. In failing to do so, the city induced Bohannon to believe that he would receive his full benefits upon retirement. Only after he had worked for another seventeen years was he informed that he would be required to pay nearly ninety thousand dollars to obtain full retirement. Such a requirement, under these circumstances, was fundamentally unfair. Accordingly, we hold that the trial court properly applied the doctrine of equitable estoppel. The city's assignments of error are overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
Doan, P.J., concurs.
Gorman, J., dissents.
[1] The trial court did hold that the city was entitled to collect on a loan that Bohannon had received from the retirement system, according to the same terms upon which the parties had originally agreed.
[2] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[3] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[4] See Trifiletti v. Wolford (Nov. 8, 2000), 9th Dist. No. 99CA007513; Hoffman v. Township of Green (Oct. 31, 1990), 9th Dist. No. 14567.
[5] See Trifiletti, supra.
[6] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[7] See Madden v. Windham Exempted Village School Dist. Bd. ofEdn. (1989), 42 Ohio St.3d 86, 90, 537 N.E.2d 646.
Gorman, J. dissenting.
 {¶ 15} Summary judgment was improvidently granted against the city because there was a genuine issue of material fact as to what were "allbenefits, seniority, and compensation to which [Bohannon] would have beenentitled." As of the date of his reinstatement, the issue remained — was Bohannon then entitled to full pension benefits notwithstanding the $8,188.98 retirement contribution he had withdrawn in 1983. This was a triable issue.