THE STATE, EX REL. DENNIS, APPELLANT, *v.* BOARD OF EDUCATION OF THE HILLSDALE LOCAL SCHOOL DISTRICT ET AL., APPELLEES.

[Cite as State, ex rel. Dennis, *v.* Hillsdale Local Bd. of Edn. (1986), 28 Ohio St. 3d 263.]

(No. 86-172—Decided December 26, 1986.)

*Martin, Eichenberger & Baxter Co., L.P.A.,* and *Stephen D. Martin,* for appellant.

*Robert P. DeSanto,* prosecuting attorney, for appellees.

*Pamela L. Margulies,* urging reversal for *amicus curiae,* Ohio Education Assn.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Kimball H. Carey* and *Robert T. Baker,* urging affirmance for *amicus curiae,* Ohio School Boards Assn.

*Per Curiam.* The issues presented for consideration in this matter concern the extent to which appellee school board was required to provide

notice of nonrenewal of employment to appellant and the consequences resulting from the failure to provide such notice. Resolution of these issues requires, as an initial matter, consideration of the notice provisions of R.C. 3319.11. It provides in relevant part:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April. Such teacher is presumed to have accepted such employment unless he notifies the board in writing to the contrary on or before the first day of June, and a written contract for the succeeding school year shall be executed accordingly. The failure of the parties to execute a written contract shall not void the automatic re-employment of such teacher.

"The failure of a superintendent of schools to make a recommendation to the board of education under any of the conditions set forth in this section, or the failure of the board of education to give such teacher a written notice pursuant to this section shall not prejudice or prevent a teacher from being deemed re-employed under either a limited or continuing contract as the case may be under the provisions of this section."

In *Crawford* v. *Bd. of Edn.* (1983), 6 Ohio St. 3d 324, this court had occasion to consider the applicability of R.C. 3319.11 to substitute teacher contracts. We concluded at 326-327: "The contract of a substitute teacher is not a contract in addition to a continuing or limited contract. Having a term of less than five years, it is a limited contract.* * *"

Appellees argue that, notwithstanding the provisions of R.C. 3319.11 and our holding in *Crawford, supra,* R.C. 3319.10 effectively removes substitute teachers from the class of individuals entitled to notice of nonrenewal of employment under R.C. 3319.11. R.C. 3319.10 provides:

"Teachers may be employed as substitute teachers for terms not to exceed one year for assignment as services are needed to take the place of regular teachers absent on account of illness or on leaves of absence or to fill temporarily positions created by emergencies; such assignment to be subject to termination when such services no longer are needed.

"A teacher employed as a substitute with an assignment to one specific teaching position shall after sixty days of service be granted sick leave, visiting days, and other local privileges granted to regular teachers including a salary not less than the minimum salary on the current adopted salary schedule.

"A teacher employed as a substitute for one hundred twenty days or more during a school year and re-employed for or assigned to a specific teaching position for the succeeding year shall receive a contract as a regular teacher if he meets the local educational requirements for the employment of regular teachers.

"Teachers employed as substitutes on a casual or day-to-day basis shall not be entitled to the notice of nonre-employment prescribed in section 3319.11 of the Revised Code, but boards of education may grant such teachers sick leave and other local privileges and cumulate such service in determining seniority."

It is significant that R.C. 3319.10 does not, by its terms, exclude *all* substitute teachers from the notice protections afforded by R.C. 3319.11. Rather, R.C. 3319.10 refers to "[t]eachers employed as substitutes on a casual or day-to-day basis * * *." "[C]asual or day-to-day" substitute teachers are not defined in R.C. Chapter 3319. However, it is evident that use of the qualifier was intended by the legislature to distinguish between types of substitute teachers. Otherwise, there would be no necessity to modify the phrase "teachers employed as substitutes."

R.C. 3319.10 provides in part that substitutes are subject to termination when their services are no longer needed. While this language could be interpreted to preclude all substitute teachers from the protections contained in the notice requirement of R.C. 3319.11, the remedial nature of R.C. Chapter 3319 dictates that it be construed liberally in favor of the parties it is designed to protect. R.C. 1.11.

Accordingly, R.C. 3319.11 requires that notice of nonrenewal be given where a teacher is a long-term substitute. Failure to provide such notice will result in the automatic re-employment of the teacher involved.

The foregoing interpretation of R.C. 3319.10 does not in any manner adversely affect the ability of school boards to terminate the employment of substitute teachers when it is determined that their services are no longer necessary. Rather, it merely requires that individuals employed as substitute teachers pursuant to a limited contract be given notice of their impending termination. The flexibility of school boards to hire substitute teachers as needed remains unimpaired.

Irrespective of the previous determination, it is the contention of appellees that appellant was a casual or day-to-day substitute teacher of the type excluded from the notice requirements of R.C. 3319.11. It is undisputed that appellant was employed during the 1984-1985 school year for clearly defined periods to replace specific individuals. Unlike substitute teachers employed on a casual basis, his classroom assignments did not vary day by day. Moreover, appellant was not paid on a per diem basis but, instead, was compensated according to the regular teachers' pay schedule during the periods in question. Upon these facts, it is evident that appellant was a long-term substitute teacher entitled to notice pursuant to R.C. 3319.11.

Appellees admit that appellant was not given express notice that his contract as a substitute teacher would not be renewed. Appellant argues that the failure of appellees to provide him with notice of the termination of his substitute contract entitled him to re-employment as a regular teacher for the 1985-1986 school year. This argument is without merit.

R.C. 3319.10 provides that a substitute teacher is entitled to receive a contract as a regular teacher only if he:

1. Is employed as a substitute for one hundred twenty days or more during the school year,

2. Is re-employed for or assigned to a specific teaching position for the succeeding year, and

3. Meets the local education requirements for the employment of regular teachers.

Consequently, entitlement to re-employment pursuant to R.C. 3319.11 does not confer upon the teacher an increase in status but merely provides for retention of his current position.

Appellant further argues that he is entitled to renewal of his supplemental contract to coach track because he was not given notice of nonrenewal.[1] We agree. In *Tate* v. *Westerville Bd. of Edn.* (1983), 4 Ohio St. 3d 206, this court held that a teacher is entitled to notice of nonrenewal of a supplemental contract.

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

LOCHER, HOLMES and WRIGHT, JJ., dissent.

DOUGLAS, J., concurring. I concur and write separately to make several points. There has been much discussion but little decision concerning the phrase "substitutes on a casual or day-to-day basis." After considering this question and particularly the facts of this case, I would hold (and I think this court should hold) that a teacher employed as a substitute with an assignment to one, and only one, specific teaching position for more than sixty days is not, under any reasonable interpretation, a casual or day-to-day substitute. Further, when R.C. 3319.10 and 3319.11 are read together and harmonized, *only* "substitutes on a casual or day-to-day basis" are exempt from the requirement of giving notice of nonrenewal and the automatic re-employment provisions of R.C. 3319.11.

---

[1] The only fact arguably in dispute is whether the school board gave appellant notice of the nonrenewal of his coaching job for junior high school track. Appellant's complaint alleged that no notice was given and that allegation was denied in appellees' answer. However, throughout these proceedings, appellees have not attempted to demonstrate that such notice was given, but argue only that it was not required.

Finally, it is my judgment that a teacher employed as a substitute, who teaches more than *one hundred twenty days* in a situation that entails one specific teaching assignment, is automatically re-employed under the provisions of R.C. 3319.11. My reading of the statutes leads me to the further conclusion that such a teacher should be re-employed under a limited contract as a regular teacher. Thus, I concur only in the judgment of the majority because I differ on this point.

HOLMES, J., dissenting. I join Justice Wright in the content of his dissent in that this majority opinion has absolutely no basis in either statute or prior case law of this state. However, in that the majority opinion is completely baseless in its result-oriented legislative determination, I am unable to respectfully dissent as does my colleague — I just dissent.

WRIGHT, J., dissenting. I would expect that the various school boards throughout Ohio are in for a most expensive surprise after digesting the majority's decision in this case. I say this because the majority has accomplished something previously unknown in the pertinent school law in this state. Specifically, the majority has transformed a substitute teaching contract into an ongoing teaching contract by virtue of the school board's failure to issue to appellant a notice of nonrenewal in conjunction with R.C. 3319.11.

The majority has reached this remarkable result after accepting two faulty assumptions forming the foundation of appellant's argument. First, that substitute teachers, not employed on a "casual" or "day-to-day" basis, are entitled to notice of contract renewal pursuant to R.C. 3319.11, and second, that substitute teachers are entitled to automatic contract renewal if such notice is not timely given.

Appellant's assumptions have no basis in fact or in law, and are directly contrary to the provisions of R.C. 3319.10. That section provides in part:

"A teacher employed as a substitute for one hundred twenty days or more during a school year *and re-employed for or assigned to a specific teaching position for the succeeding year* shall receive a contract as a *regular teacher* if he meets the local educational requirements for the employment of regular teachers." (Emphasis added.)

As can be seen from the above language, the act of employing a substitute teacher for a period of one hundred twenty days does not, in and of itself, cause a substitute teaching contract to ripen into one which must be offered to a "regular teacher." Rather, it is the length of service (one hundred twenty days), *plus* the added requirement that the school board *re-employ* or *assign* the substitute teacher *to a specific teaching position for the succeeding year* that causes the automatic re-employment provisions to become operative. Stated otherwise, only if the school board had re-employed or assigned appellant to a specific teaching position for the

1985-1986 school year, would the automatic re-employment provisions of R.C. 3319.11 have become operative. During that school year, as a "regular teacher," appellant would have been entitled to a limited contract. See R.C. 3319.08. Armed with a limited contract in April 1986, appellant would have been entitled to the protections of R.C. 3319.11, which pertinently provides:

"Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, deemed re-employed under the provisions of this section at the same salary plus any increment provided by the salary schedule unless the employing board, acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, gives such teacher written notice of its intention not to re-employ him on or before the thirtieth day of April."

Appellant, however, was *not* re-employed or assigned to a specific teaching position following the year in which he engaged in substitute teaching for the board. He was, therefore, *never* employed under a limited teaching contract and, accordingly, is unable to invoke the automatic re-employment provision contained within R.C. 3319.11.

Appellant nevertheless contends that the decision in *Crawford* v. *Bd. of Edn.* (1983), 6 Ohio St. 3d 324, serves as a basis for construing his substitute teaching contract as a limited contract, and hence subject to the renewal provisions of R.C. 3319.11. This supposition is incorrect for two reasons. First, *Crawford* involved the issue of service credit, not automatic re-employment, and is therefore distinguishable. Second, the court in *Crawford* failed to construe the pertinent provisions of R.C. 3319.08 *in pari materia* with R.C. 3319.10. Thus, the portion of R.C. 3319.10, providing that "[a] teacher employed as a substitute for one hundred twenty days during a school year and re-employed for or assigned to a specific teaching position for the succeeding year shall receive a contract as a *'regular teacher,'* " demonstrates that prior to achieving these conditions a substitute could not have possessed a contract equivalent to that of a "regular teacher." Since R.C. 3319.10 demonstrates the existence of a disparity between substitute teaching contracts and contracts for "regular teachers," the question necessarily arises as to the intent of the General Assembly when R.C. 3319.08 was enacted, specifying that "[c]ontracts for the employment of teachers shall be of two types, limited contracts and continuing contracts." The only approach which resolves this ambiguity and harmonizes the two sections is to construe the phrase "[c]ontracts for the employment of teachers" under R.C. 3319.08 as being applicable to "full-time" or "regular" teachers, as contrasted with substitute teachers. To hold otherwise requires a board of education to offer substitute teachers limited contracts, thus producing an absurd result in contravention of well-established rules of statutory construction. Accord *State* v.

*Nickles* (1953), 159 Ohio St. 353 [50 O.O. 322], paragraph one of the syllabus.

For the foregoing reasons, I am compelled to respectfully dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.