The STATE ex rel. FILIPIAK et al., Appellants,

v.

MIDVIEW LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *State ex rel. Filipiak v. Midview Local School
Dist. Bd. of Edn.* (1993), 95 Ohio App.3d 139.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005502.

Decided July 14, 1993.

*Fritz Neil,* for appellants.

*John C. Burkholder,* for appellee.

REECE, Judge.

Relators-appellants, Michael Filipiak and Doraine Meldrum, appeal the trial court's judgment upholding the decision of respondent-appellee Midview Local School District Board of Education ("board"), refusing to grant them credit on the teacher's salary schedule for a year of substitute teaching in different school districts. We affirm.

Both Filipiak and Meldrum were employed as substitute teachers in various school districts before being hired in full-time teaching positions by the board. Meldrum substitute taught in two school districts for more than one hundred and twenty days during the 1983–1984 school year. Filipiak was employed as a substitute teacher in four school districts for a period totaling more than one hundred and twenty days in 1989–1990. Appellants were hired as full-time teachers in the Midview school district and were not given salary schedule credit for the year spent substitute teaching in different school districts.

Filipiak and Meldrum filed a writ of mandamus seeking to compel the board to give them salary schedule credit for a year of teaching. The trial court denied this writ and Filipiak and Meldrum appeal, raising the following assignment of error:

"The court of common pleas erred in upholding the decision of the respondent/appellee not to grant relators/appellants one year of teaching credit for teaching more than 120 days in Ohio public schools during a previous school year."

Appellants assert the board erred by not providing salary schedule credit for a year of service when they substitute taught for one hundred twenty days in a school year.

R.C. 3317.13(A)(1)(a) provides for a minimum salary schedule and also includes a definition of a "year of service." For purposes of determining a teacher's placement on the salary schedule, a "year of service" is defined as:

"(a) All years of teaching service in the same school district, regardless of training level, with each year consisting of at least one hundred twenty days under a teacher's contract[.]"

Thus, it is clear under R.C. 3317.13 that the legislature intended a teacher be given credit for a year of teaching for purpose of his salary schedule only for period of one hundred twenty days in the same school district. This interpretation is further supported by the requirement that the one hundred twenty days be under "a teacher's contract." Requiring this period be served under one contract excludes substitutes who teach in different school districts under separate contracts.

■ Refusing salary schedule credit to teachers who substitute teach in different school districts is mandated by the clear language of the statute. Absent ambiguity, statutory language is not to be enlarged or construed in a way other than the language demands. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746, citing *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 64 N.E. 521. The requirement that teaching service be in the same school district is not ambiguous. If the language of a statute is clear it is not for the judiciary to speculate as to the wisdom of the legislative enactment. *Lorain Cty. Bd. of Commrs. v. United State Fire Ins. Co.* (1992), 81 Ohio App.3d 263, 268, 610 N.E.2d 1061, 1064.

Appellants assert that different statutory sections, particularly R.C. 3319.09(B), which defines a year in terms of one hundred twenty days of service, and R.C. 3319.10, which discusses the employment status of a substitute teacher, support their position. Initially, we note that neither definition affirmatively states that a year includes time taught in more than one school district. Further, R.C. 3317.13(A)(1)(a) applies to the specific question at hand, a teacher's status on the salary schedule. Assuming *arguendo* that the sections cited by appellants would allow for the cumulation of time spent substitute teaching in different school districts to equal a year of service, they would not displace the more specific definition found in R.C. 3317.13(A)(1)(a) which does not. *Cincinnati v. Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St.2d 76, 6 O.O.3d 277, 369 N.E.2d 778, paragraph one of the syllabus; R.C. 1.51.

Appellants also rely on two Ohio Supreme Court cases to support their claim, *Crawford v. Barberton City Schools Bd. of Edn.* (1983), 6 Ohio St.3d 324, 6 OBR 382, 453 N.E.2d 627, and *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 537 N.E.2d 646. However, both cases are readily distinguishable. *Madden* involved a case in which a school board decided to recognize a year of teaching and later reversed that decision. The Supreme Court held that once a board recognized a year for purposes of the salary schedule it could not decide to reverse its position later. *Crawford,* as did *Madden,* involved a teacher who taught in the same school district. In fact, the court stated in *Crawford* that a substitute teacher who is employed by a school district and has taught in *that school district* for more than one hundred twenty days, in any given school year, is entitled to a year of service credit under R.C. 3317.13. *Crawford,* 6 Ohio St.3d 324, 6 OBR 382, 453 N.E.2d 627, at syllabus. Thus, appellants have not met the requirements of *Crawford.* Accordingly, Filipiak's and Meldrum's assignment of error is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

Cook, P.J., and Quillin, J., concur.