[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 216.]

THE STATE EX REL. WALKER, APPELLEE, *v.* LANCASTER CITY SCHOOL
DISTRICT BOARD OF EDUCATION ET AL., APPELLANTS.
[Cite as *State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.*,
1997-Ohio-396.]

*Schools—Teacher salaries—Contracts—Mutual mistake—Years of service credit
requirements—Board of education that erroneously awarded a year of
service credit has authority to correct that error.*

(No. 96-1645—Submitted March 31, 1997—Decided July 16, 1997.)

APPEAL from the Court of Appeals for Fairfield County, No. 95-CA-0024.

————————

{¶ 1} During the 1991-1992 school year, appellant, Lancaster City School District Board of Education ("Board"), employed appellee, Sandra Walker, as a substitute teacher. Excluding half days, Walker worked 106 days for the Board that year. Including half days, she worked 113.5 days for the Board. Walker also worked nine days that year as a substitute teacher for the Fairfield Union Local School District.

{¶ 2} The Board hired Walker as a full-time teacher beginning with the 1992-1993 school year and placed her at Step 0 on its salary schedule. Pursuant to R.C. 3317.14, the Board adopted annual teachers' salary schedules with increments based on academic training and years of service. By placing Walker at Step 0, the Board did not credit her service as a substitute teacher in the 1991-1992 school year. The Board placed Walker at Step 1 on its salary schedule for the 1993-1994 school year and at Step 2 on its 1994-1995 salary schedule.

{¶ 3} In August 1994, Walker contacted the school district's human resources department, and requested that the Board grant her an additional year of service because of her substitute teaching experience during the 1991-1992 school

year. At that time, Dr. Jacalyn R. Osborne had just been assigned as director of the department. Osborne received information concerning Walker's 1991-1992 experience from the Lancaster City School District payroll clerk and the Fairfield Union Local School District. Osborne also received a newsletter by the Lancaster Education Association ("LEA"), the exclusive representative of teachers employed by the Board, which indicated that teachers could get credit for one year on the salary schedule if they had substitute teaching experience in any school year of 120 days *aggregated* for time spent in one or more districts.

{¶ 4} Osborne added the figure provided by the district payroll clerk, which included half days, to the nine days Walker had worked for the Fairfield Union Local School District and recommended that the Board grant Walker an additional year of service credit for her 1991-1992 substitute teaching experience. Osborne based her recommendation on a mistaken interpretation of the "years of service" definition in R.C. 3317.13(A) and the information contained in the LEA newsletter. On August 25, 1994, the Board, without discussion, adopted the recommendation and increased Walker to Step 3 on the salary schedule.

{¶ 5} In September 1994, Dianne L. Combs, LEA President, advised Osborne that she had received inquiries from other teachers with substitute teaching experience concerning their possible entitlement to additional service credit. Combs requested that Osborne state whether under the Board's policy time could be combined from more than one school district to satisfy the 120-day service-year requirement. Osborne then recalculated Walker's substitute teaching service but did not include half days and did not aggregate the nine days in which Walker taught at the other school district. By memorandum dated October 18, 1994, Osborne informed Combs that the Board had erroneously granted Walker the service credit for her 1991-1992 substitute teaching experience:

2

"Sandy Walker had only 106 days in 1991-92 in Lancaster City Schools. Earlier she was erroneously awarded a one-year experience increment increase by including hours of work as a [substitute teacher] in another district.

"In that our research indicates that by definition (ORC 3317.13A) a year of substitute teaching service credit for salary step increase purposes is 120 *full* days of substitute teaching in one school year in our school district, it is our belief that we have erred in giving Ms. Walker a step increase for the 1991-92 school year.  * * *" (Emphasis *sic*.)

{¶ 6} Osborne then recommended that Walker's previous step increase be withdrawn, and on October 27, 1994, the Board adopted the recommendation. Osborne's recommendation and the Board's action comported with the Board's practice of never aggregating teaching experience from different school districts to meet the 120-day requirement in R.C. 3317.13(A) for an additional year of service credit.

{¶ 7} Instead of filing a grievance under Article VI of the collective bargaining agreement between the Board and the LEA, Walker filed a complaint in the Court of Appeals for Fairfield County. Walker requested a writ of mandamus to compel appellants, the Board and its treasurer, to restore her service year credit and award her back pay in the amount she would have received if the credit had not been revoked, together with appropriate contributions to the State Teachers Retirement Fund. The case was submitted to the court of appeals on the parties' evidence and briefs. The court of appeals granted the writ.

{¶ 8} The cause is now before this court upon an appeal as of right.

————————————

*Cloppert, Portman, Sauter, Latanick & Foley* and *David G. Latanick*, for appellee.

*Bricker & Eckler* and *Sue Wyskiver Yount*, for appellants.

————————————

**COOK, J.**

{¶ 9} Before we can reach the question of the revocability of service credit, we must address the Board's assertion that the grievance and arbitration procedure of a collective bargaining agreement constitutes an adequate remedy at law when pursuing a claim for wages, including placement on a teachers' salary schedule, pursuant to a collective bargaining agreement between a public employer and an exclusive bargaining representative.

{¶ 10} A writ of mandamus will not issue where there is an adequate remedy in the ordinary course of the law. R.C. 2731.05. A remedy is adequate if it is complete, beneficial, and speedy. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 328, 603 N.E.2d 1005, 1009. A grievance and arbitration procedure in a collective bargaining agreement generally provides an adequate legal remedy, which precludes extraordinary relief in mandamus, when violations of the agreement are alleged by a person who is a member of the bargaining unit covered by the agreement. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449, 663 N.E.2d 639, 641.

{¶ 11} Contrary to the Board's assertion, however, *State ex rel. Johnson v. Cleveland Hts./Univ. Hts. School Dist. Bd. of Edn.* (1995), 73 Ohio St.3d 189, 652 N.E.2d 750, does not always mandate that a grievance and arbitration procedure in a collective bargaining agreement constitutes an adequate remedy for a teacher's claim that she is entitled to increased salary based on an increment in years of training. The *Johnson* claimant conceded that her claim was based on the collective bargaining agreement. *Id*. at 192, 652 N.E.2d at 752. Conversely, Walker denies that her claim is based on the collective bargaining agreement.

{¶ 12} Article VI(A)(2) of the collective bargaining agreement between the Board and the LEA defines a "grievance" as a "complaint involving the alleged violation, misinterpretation, or misapplication of this contract." The agreement does not address calculation of days of substitute teaching experience for service

4

credit purposes. Nor does it contain provisions concerning the Board's authority to revoke previously granted service credit. In the absence of a grievable issue, the grievance and arbitration procedure does not constitute an adequate legal remedy in the ordinary course of law. See, also, *Tapo v. Columbus Bd. of Edn.* (1987), 31 Ohio St.3d 105, 31 OBR 268, 509 N.E.2d 419, syllabus. Accordingly, we reject the Board's first proposition of law.

{¶ 13} Appellants assert, in their second proposition of law, that a board of education that has erroneously awarded a year of service credit must have the authority to correct that error.

{¶ 14} R.C. 3317.13(A)(1) defines "years of service" to include "[a]ll years of teaching service in the same school district * * *, regardless of training level, with each year consisting of at least one hundred twenty days under a teacher's contract[.]" Pursuant to R.C. 3317.13(A)(1), the school board is not required to aggregate either teaching experience from different school districts or half days from the same school district. See, generally, *State ex rel. Filipiak v. Midview Local School Dist. Bd. of Edn.* (1993), 95 Ohio App.3d 139, 641 N.E.2d 1380; *Oney v. Westerville City School Dist. Bd. of Edn.* (Sept. 29, 1981), Franklin App. No. 81AP-171, unreported, 1981 WL 3488. Nonetheless, despite the statutory definition of "years of service," a board of education is free to establish its own service credit requirements. See, *e.g., Maple Hts. Teachers Assn. v. Maple Hts. Bd. of Edn.* (1983), 6 Ohio St.3d 314, 6 OBR 374, 453 N.E.2d 619, syllabus ("Notwithstanding the definition of 'years of service' in R.C. 3317.13, a board of education is authorized by R.C. 3317.14 to establish its own service requirements as long as each teacher is given full credit for a minimum of five years' prior actual teaching experience.").

{¶ 15} The court of appeals, relying on *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 537 N.E.2d 646, held that once the Board granted the one-year service credit to Walker, it could

not revoke that credit. In *Madden*, a school board granted a one-year service credit to a teacher even though she had not taught a sufficient number of days during that year to be eligible for the credit. This court held that the school board was not entitled to withdraw the credit when the teacher resigned and returned to her position eight years later, because "although [the school board] had discretion in 1968 whether to credit [the teacher] with one year of teaching, it did not have continuing discretion to withdraw it at a later date." *Id.* at 89-90, 537 N.E.2d at 649.

{¶ 16} In the present case, the court of appeals determined that under *Madden*, "[o]nly if the record demonstrates some action by the teacher indicating she voluntarily and knowingly relinquished her right to the additional year of service is the Board entitled to reduce it." The Board claims, however, that the award of additional service credit to Walker resulted from mistake, not a discretionary decision to vary from the statute. Therefore, the Board continues, the court of appeals' reliance on *Madden* is misplaced. The *Madden* court suggested its decision may have been different had the service credit been the result of mistake or fraud. *Id.* at 89, 537 N.E.2d at 648 ("In the case before us, it is undisputed that when respondent credited relator with one year of teaching experience, it was under no obligation to do so since she only had one hundred five days of teaching in the prior year. *Clearly such an act was discretionary and was not the product of any mistake or fraud.*" [Emphasis added.]). If the additional service credit to Walker resulted from mistake, then *Madden* is not controlling.

{¶ 17} The court of appeals made no express finding as to whether the Board committed a mistake. Our plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been filed in this court originally. *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940, 943, citing *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384; *State ex rel. Pressley v. Indus. Comm.* (1967), 11

Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph ten of the syllabus. Accordingly, we determine the factual issue of mistake *de novo*.

{¶ 18} A finding of mistake is supported by the weight of the evidence, particularly the deposition testimony of Osborne. Osborne testified that her decision to recommend that Walker receive the credit was based on her mistaken interpretation of "years of service" as defined in R.C. 3317.13(A) — she was not aware of the Board's authority to refuse to aggregate teaching experience from different districts or half days from the same district. The mistake also resulted from her reliance on the information in the LEA Newsletter, her inexperience in calculating service credit, and her belief that she had to act quickly because salary corrections could not be made midyear.

{¶ 19} Walker relies solely on the LEA President's statement that the assistant superintendent for the Board told her (LEA President) at an August 1994 meeting that the Board accepted service credit for 120 days of substitute teaching experience from one or more school districts. This purported statement of policy, however, is rebutted by appellants' evidence as well as the LEA President's September 1994 letter asking Osborne whether time could be combined from more than one district to meet the service credit requirement. As the Board notes, if the LEA President had been advised of this Board policy in August 1994, she would not have inquired about the same issue less than a month later.

{¶ 20} Thus, we conclude that the credit resulted from a mutual mistake, and not from the application of an existing policy or a discretionary decision by the Board. In the absence of a discretionary choice by the Board to give credit more generous than statutorily mandated, Walker had no legal right to the service credit.

{¶ 21} The mistake here is a mutual mistake of fact and law permitting rescission. See 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1); *Reilley v. Richards* (1994), 69 Ohio St.3d 352, 353, 632 N.E.2d 507, 509. Walker requested the service credit under the mistaken belief that she

was entitled to it under the applicable law and the facts of her employment history. Likewise, Osborne labored under the same mistaken belief when recommending to the Board that Walker be credited with the requested year of service. When the mistake was discovered due to demands by other teachers for similar treatment, it was promptly corrected by the Board. Osborne and the Board acted in good faith. See Restatement of Contracts 2d 416, Mistake, Section 157. Walker suffered no loss; she was paid in accordance with the mistake for two months and then returned to the correct step on the pay scale. Considerations regarding recovery of funds paid by mistake, as analyzed in the authority cited by Walker, *Firestone Tire & Rubber Co. v. Cent. Natl. Bank of Cleveland* (1953), 159 Ohio St. 423, 50 O.O. 364, 112 N.E.2d 636; *State ex rel. Dickman v. Defenbacher* (1949), 151 Ohio St. 391, 39 O.O. 221, 86 N.E.2d 5; *Cincinnati v. Gas Light & Coke Co*. (1895), 53 Ohio St. 278, 41 N.E. 239, are not implicated here because the Board is not seeking repayment from Walker.

{¶ 22} Based on the foregoing, we sustain appellants' second proposition of law and reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

—————————

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 23} I would affirm the judgment of the court of appeals.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

—————————