THE STATE EX REL. ANTONUCCI, APPELLANT, *v.* YOUNGSTOWN
CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Antonucci v. Youngstown City School
Dist. Bd. of Edn.* (2000), 87 Ohio St.3d 564.]

(No. 99–1173—Submitted December 15, 1999—Decided January 26, 2000.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* and *Steven L. Paulson,* for appellant.

*Ruth, Blair, Roberts, Strasfeld & Lodge, L.P.A.,* and *James E. Roberts,* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Katherine A. Francis,* urging affirmance for *amicus curiae,* Ohio School Boards Association.

---

**Per Curiam.** Antonucci asserts that the court of appeals erred in denying the writ of mandamus. At issue is whether R.C. 3319.10 confers a legal right for certain substitute teachers to be paid a salary commensurate with that afforded regular teachers pursuant to an adopted teachers' salary schedule based on their level of education and years of experience. Antonucci claims that it does, whereas the board contends that R.C. 3319.10 requires only that it pay these substitute teachers the minimum salary on the adopted teachers' salary schedule.

R.C. 3319.10 provides that "[a] teacher employed as a substitute with an assignment to one specific teaching position *shall after sixty days of service be granted* sick leave, visiting days, and *other local privileges granted to regular teachers including a salary not less than the minimum salary on the current adopted salary schedule.*" (Emphasis added.)

Our paramount concern in construing a statute is the legislative intent in its enactment. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, 1218. We must first look at the statutory language, and words and phrases used shall be read in context and construed according to the rules of grammar and common usage. *Id.;* R.C. 1.42.

R.C. 3319.10 confers to long-term substitute teachers certain "local privileges" afforded regular teachers, including a "salary not less than the minimum salary on the current adopted salary schedule." Therefore, the plain language of R.C. 3319.10 manifestly requires only that school boards pay such substitute teachers

a salary equal to or greater than the minimum salary paid regular teachers, which, according to statewide practice, is at the BA/0 rate. Antonucci was paid at this rate during the period at issue.

As the court of appeals held, "if the legislature intended for substitute teachers to be credited for their prior experience, the legislature would have so stated that, after 60 days of service in a specific teaching position a substitute is entitled to specifically enumerated fringe benefits and other local privileges granted to regular teachers including a salary *equal* to the salary on the current adopted salary schedule *consistent with the teacher's experience.*" (Emphasis *sic.*) The General Assembly has specified that years of service be included in determining teachers' salaries when it has so intended. See R.C. 3317.13 and 3317.14.

In other words, "[i]t is significant that the General Assembly did not require that such substitutes be paid at a rate equal to that for regular teachers with comparable experience, but only that they be paid at a rate no less than the minimum salary on the current adopted salary schedule for regular teachers." 1976 Ohio Atty. Gen Ops. No. 76–068, at 2–234; see, generally, 1 Baker's Ohio School Law (1998–1999 Ed.) 332, Section 7.21.

We find the foregoing rationale persuasive. Although R.C. 3319.10 must be construed liberally in favor of substitute teachers, *State ex rel. Dennis v. Hillsdale Loc. School Dist. Bd. of Edn.* (1986), 28 Ohio St.3d 263, 266, 28 OBR 341, 343, 503 N.E.2d 748, 750, there is no need to construe a statute whose meaning is unequivocal, *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 102, 702 N.E.2d 70, 71. R.C. 3319.10 manifestly permitted the board to pay Antonucci at the BA/0 teachers' salary level for the 1996/1997 school year after she had served more than sixty days in a specific teaching position as a substitute. As noted by the *amicus curiae*, Ohio School Boards Association, a contrary holding would render largely nugatory the succeeding paragraph in R.C. 3319.10, which confers a regular teaching contract on substitute teachers employed for one hundred twenty days or more during a school year and reemployed for or assigned to a specific teaching position for the succeeding school year.

Based on the foregoing, Antonucci is not entitled to the requested extraordinary relief. Therefore, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. By so holding, we deny Antonucci's motion to strike the board's merit brief. The evidence establishes that the board served its brief as required by our Rules of Practice and that service was

---

complete on mailing. S.Ct.Prac.R. XIV(2)(B)–(D). Even if Antonucci's counsel had not received a copy of the board's mailed brief, he should have realized from the service of the *amicus curiae* brief, which he admits receiving, that the board had filed a brief and that the reply brief would soon be due. In fact, the *amicus curiae* brief expressly adopted the statements of case and facts of the board's merit brief. Instead, Antonucci waited until the time to file a reply brief had expired to raise the purported failure of service, and we perceive no prejudice from denying Antonucci's motion.