DECISION
{¶ 1} Relator, Calvin Drake, has filed this mandamus action requesting that a writ of mandamus issue ordering respondent State Teachers Retirement System ("STRS") to credit him with one year of service for his substitute teaching pursuant to former R.C. 3307.31 and to restore his membership to STRS.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. Following the filing of a motion to dismiss by respondent, the magistrate converted the motion to one for summary judgment. Relator also filed his own motion for summary judgment. The magistrate then rendered a decision, including findings of fact and conclusions of law, and concluded that relator had not demonstrated a basis for relief in mandamus and that respondent was entitled to summary judgment. (Magistrate's Decision, Appendix A.) There have been no objections filed to the magistrate's decision.
 {¶ 3} As stated by the magistrate in his report, summary judgment is appropriate when the movant demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993),67 Ohio St.3d 337.
 {¶ 4} Respondent, STRS, in support of their motion for summary judgment has submitted a certified copy of relator's "Application for Refund of Member Deposits." The document revealed that relator had .05 years of service credit when he applied for a refund. Respondent also submitted a certified copy of a warrant or check payable to relator in the amount of $48.94.
 {¶ 5} As noted by the magistrate, since relator's filings in the case did not dispute the accuracy of the STRS records, it was concluded STRS records accurately reflected that relator's employer reported to the STRS that relator was employed .05 years for which the employer contributions were paid, and that relator applied for and received a refund of the STRS account. In view of this factual background, it appeared conclusive to the magistrate, that STRS was under no legal duty to restore relator to STRS membership or to credit him with one year of service for substitute teaching.
 {¶ 6} Following independent review pursuant to Civ.R. 53(C), we find that the magistrate has properly determined the pertinent facts and applied the salient law thereto. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.
 {¶ 7} In accordance with the magistrate's decision, respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied.
Respondent's motion for summary judgment granted.
Relator's motion for summary judgment denied.
BRYANT and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
ON RELATOR'S MOTION FOR SUMMARY JUDGMENT
 {¶ 8} In this original action, relator, Calvin Drake, requests a writ of mandamus ordering respondent State Teachers Retirement System ("STRS") to credit him with one year of service for his substitute teaching pursuant to former R.C. 3307.31 and to restore his membership to STRS.
Findings of Fact:
 {¶ 9} 1. On February 4, 2002, relator, Calvin Drake, filed this mandamus action solely against respondent STRS.
 {¶ 10} 2. On March 21, 2002, respondent moved to dismiss this action on grounds that the complaint fails to state a claim upon which relief in mandamus can be granted. In support of its motion, STRS submitted a certified copy of an STRS "Application for Refund of Member Deposits" executed by Mr. Drake on January 15, 1990. Respondent also submitted a certified copy of an STRS check in the amount of $48.94 payable to Mr. Drake.
 {¶ 11} 3. On March 29, 2002, the magistrate converted respondent's motion to dismiss to one for summary judgment.
 {¶ 12} 4. On April 23, 2002, relator filed his own motion for summary judgment.
Conclusions of Law:
 {¶ 13} It is the magistrate's decision that this court grant respondent's motion for summary judgment and deny relator's motion for summary judgment.
 {¶ 14} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337,339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 15} Civ.R. 56(E) states in part:
 {¶ 16} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 17} Former R.C. 3307.31 stated in part:[1]
 {¶ 18} "The state teachers retirement board shall credit a year of service to any teacher who is employed on a full-time basis in a school district for the number of months the regular day schools of such district are in session in said district within any year. * * *"
 {¶ 19} Current R.C. 3307.56(C) states in part:
 {¶ 20} "Payment of a member's accumulated contributions under division (B) of this section cancels the member's total service credit in the state teachers retirement system. * * *"
 {¶ 21} Current R.C. 3307.71 states in part:
 {¶ 22} "* * * [A] member or former member of the state teachers retirement system participating in the plan described in sections 3307.50
to 3307.79 of the Revised Code who has at least one and one-half years of contributing service credit in this system * * * after the withdrawal and cancellation of service credit in this system may restore all or part of such service credit by repayment of the amount withdrawn. * * *"
 {¶ 23} As previously noted, in support of its motion for summary judgment, STRS submitted a certified copy of Mr. Drake's "Application for Refund of Members Deposit." The STRS document shows that Mr. Drake had .05 years of service credit when he applied for a refund. STRS has also submitted a certified copy of a processed warrant or check payable to Mr. Drake in the amount of $48.94.
 {¶ 24} Following the magistrate's conversion of respondent's motion to dismiss to one for summary judgment, relator filed his own motion for summary judgment on April 23, 2002. However, relator's summary judgment motion is not supported by an affidavit or other evidence as required by Civ.R. 56. In his motion, relator does assert that he was "employed as a regular teacher holding temporary position created by emergencies, absent on account of illness or leave of absences." In other words, relator reasserts in his motion for summary judgment that he was employed as a substitute teacher.
 {¶ 25} In this action, relator also submitted two of his own filings captioned respectively "Objection to Respondent's Motion to Dismiss" and "Objection to Dismiss #2."
 {¶ 26} None of relator's post "Motion to Dismiss" filings actually dispute the accuracy of the STRS records before this court. Accordingly, this court must conclude that the STRS records accurately reflect that relator's employer reported to STRS that relator was employed for .05 years for which the employer contributions were paid and that relator applied for and received a refund of his STRS account in the amount of $48.94.
 {¶ 27} It is clear based upon the undisputed evidence before this court that STRS is under no legal duty to restore relator to STRS membership or to credit him with one year of service for his substitute teaching.
 {¶ 28} It is noteworthy that relator attached to his complaint a copy of State ex rel. Gingrich v. Fairfield City Bd. of Edn. (1985),18 Ohio St.3d 244. Gingrich was a mandamus action brought by teachers who had been belatedly credited by their employer, a board of education, for previous years of substitute teaching service and placed on the appropriate salary step for the 1983-84 school year. The employer's belated crediting of service was done pursuant to the Ohio Supreme Court's ruling in Crawford v. Bd. of Edn. (1983), 6 Ohio St.3d 324, where the court held that a substitute teacher, who is employed by a school district and has taught in that school district for more than 120 days in any given school year, is entitled to a year of service credit under R.C. 3317.13.
 {¶ 29} In Gingrich, the teachers were only paid back compensation in accordance with the two year statute of limitations set forth in R.C.2305.11. The teachers claimed that the six year statute of limitations applied as set forth in R.C. 2305.07 and the Gingrich court agreed. The court ordered the teachers' employer to pay the teachers back compensation for their substitute teaching, plus appropriate amounts to STRS.
 {¶ 30} Here, relator's complaint is drafted to suggest that the Gingrich and Crawford cases advance relator's claims for relief in mandamus. In actuality, those cases support a conclusion that respondent STRS is entitled to summary judgment. STRS is under no legal duty to credit relator with one year of service credit where STRS has never received from the employer any amounts that would support such credit. Again, the Gingrich case was an action against the employer, not STRS.
 {¶ 31} Moreover, even if the employer were a party to this action, there is no allegation here that relator was employed for more than 120 days during the school year as was the situation in Crawford, supra.
 {¶ 32} In short, this action appears to have been brought upon a misreading of the Gingrich and Crawford cases.
 {¶ 33} It is clear that summary judgment in favor of respondent is appropriate here. There is no genuine issue of material fact; respondent is entitled to judgment as a matter of law; and reasonable minds can come to but one conclusion and that conclusion is adverse to relator.
 {¶ 34} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment and deny relator's motion for summary judgment.
[1] R.C. 3307.53 is former R.C. 3307.31 amended and re-codified effective July 13, 2000.