[Cite as *Tomety v. Columbus City Schools*, 2018-Ohio-937.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Folly G. Tomety, | : | |
| Plaintiff-Appellant, | : | No. 17AP-697 |
| | | (C.P.C. No. 16CV-8544) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Columbus City Schools et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 13, 2018

**On brief:** *Folly G. Tomety*, pro se. **Argued:** *Folly G. Tomety*.

**On brief:** *Loren L. Braverman*, for appellees. **Argued:** *Loren L. Braverman*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Folly G. Tomety, appeals pro se from a judgment of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings filed by defendants-appellees Columbus City Schools Board of Education ("CCS"), Cassady Alternative Elementary School ("Cassady"), Victoria Frye, Dianne McLinn, and Paula Baldwin (collectively, "appellees"). Because we conclude the trial court did not err by finding Tomety was an at-will employee as a casual or day-to-day substitute teacher and, therefore, appellees were entitled to judgment as a matter of law on Tomety's claim for wrongful termination, we affirm.

## I. Facts and Procedural History

{¶ 2} Tomety filed a pro se complaint in the Franklin County Court of Common Pleas on September 9, 2016. Although the complaint did not explicitly set forth a cause of

action, the trial court ultimately concluded Tomety sought to assert a claim for wrongful termination. In the complaint, Tomety asserted he began working for CCS in 2004 and that on September 14 and 15, 2015, he was assigned as a substitute teacher for a special education teacher at Cassady. Tomety claimed that while preparing his lunch on the second day of that assignment, Baldwin, who was the principal at Cassady, asked him to leave the building. Tomety asserted that when he asked why, Baldwin told him that two students alleged they had seen him looking at something inappropriate on his cellular phone. Tomety claimed CCS subsequently conducted a hearing, presided over by McLinn. Tomety claimed no formal decision was issued following the hearing, but his employment was terminated.

{¶ 3} Appellees filed an answer admitting that Tomety was employed by CCS as a substitute teacher, he was assigned to Cassady on September 15, 2015, and he was asked to leave the school building on that date after two students reported he was looking at inappropriate pictures on his cellular phone. Appellees further admitted that Tomety was given a hearing concerning his conduct and that, following the hearing, he was informed that CCS would no longer use him as a substitute teacher. Appellees' answer asserted multiple defenses, including Tomety was an at-will employee whose employment was subject to termination at any time for any reason, with or without notice.

{¶ 4} Appellees subsequently moved for judgment on the pleadings, pursuant to Civ.R. 12(C), asserting the complaint failed to allege any set of facts that would entitle Tomety to relief. Tomety filed a memorandum in opposition that included various exhibits purporting to support his claim that he was improperly terminated. On August 29, 2017, the trial court issued a decision and entry granting appellees' motion for judgment on the pleadings.

## II. Assignments of Error

{¶ 5} Tomety appeals and assigns the following two assignments of error for our review:

> [I.] The Court of Common Pleas erred in granting s (appellee) Columbus City Schools et al, judgment by stating that I didn't provide proof that I request an independent investigation.
>
> [II.] The Court of The Common Pleas erred in granting defendants, Columbus City Schools et al, judgment based on

> the fact that I had two days assignment at Cassady Elementary
> Schools so I was considered as Casual substitute so I felt in the
> category of "casual" or day-to-day substitute.

(Sic passim.)

## III. Discussion

{¶ 6} Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings have closed but within such time as not to delay trial. A motion for judgment on the pleadings tests the allegations contained in the complaint and presents questions of law. *Franks v. Ohio Dept. of Rehab. & Corr.,* 195 Ohio App.3d 114, 2011-Ohio-2048, ¶ 5 (10th Dist.). In reviewing the motion, the court must construe all material allegations in the complaint, and any reasonable inferences drawn from those allegations, as true and in favor of the non-moving party. *Id.* The court may grant a motion for judgment on the pleadings only if no disputes of material fact exist and the pleadings demonstrate the moving party is entitled to judgment as a matter of law. *Curtis v. Ohio Adult Parole Auth.,* 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24. We review de novo a decision granting a motion for judgment on the pleadings. *Franks* at ¶ 5.

{¶ 7} The trial court granted appellees' motion for judgment on the pleadings based on its conclusion that Tomety was a casual or day-to-day substitute teacher and was not entitled to written notice of non-renewal of employment. The trial court further concluded that as a casual or day-to-day substitute teacher, Tomety was an at-will employee subject to termination with or without cause. Taking the facts alleged in the complaint as true, the trial court concluded that CCS's termination of Tomety was permissible under the law and, therefore, appellees were entitled to judgment as a matter of law.

{¶ 8} In his first assignment of error, Tomety asserts the trial court erred by granting CCS's motion for judgment on the pleadings because it concluded he failed to provide proof that he requested an independent investigation. As discussed more fully below, the trial court concluded Tomety was an at-will employee subject to termination with or without cause. Although Tomety asserted in his complaint that he requested that CCS conduct a technical investigation into the students' allegations, this issue formed no part of the trial court's decision in granting the motion for judgment on the pleadings. The question of whether Tomety requested an independent investigation of the students'

allegations was not material to determining whether he was an at-will employee and this argument is not well-taken.

{¶ 9} Accordingly, we overrule Tomety's first assignment of error.

{¶ 10} In his second assignment of error, Tomety claims the trial court erred by concluding he was a casual or day-to-day substitute teacher. Tomety asserts in his brief on appeal that he had a long-term substitute license and had previously held long-term substitute assignments.

{¶ 11} Generally, under Ohio law, "absent an employment contract, an employee is an employee-at-will and may be terminated at any time for any lawful reason or for no reason at all." *Blackburn v. Am. Dental Ctrs.*, 10th Dist. No. 10AP-958, 2011-Ohio-5971, ¶ 7. With respect to substitute teachers, R.C. 3319.10 provides that "[t]eachers may be employed as substitute teachers for terms not to exceed one year for assignment as services are needed to take the place of regular teachers absent on account of illness or on leaves of absence or to fill temporarily positions created by emergencies; such assignment to be subject to termination when such services no longer are needed." The statute expressly states that "[t]eachers employed as substitutes on a casual or day-to-day basis shall not be entitled to the notice of nonre-employment prescribed in section 3311.81 or 3319.11 of the Revised Code." R.C. 3319.10. Based on this provision, the Supreme Court of Ohio has concluded there is a distinction between long-term substitute teachers, who are entitled to written notice of non-renewal of employment and casual or day-to-day substitute teachers, who are not entitled to written notice of non-renewal. *State ex rel. Dennis v. Bd. of Edn.*, 28 Ohio St.3d 263, 266 (1986). *See also State ex rel. Menzie v. State Teachers Retirement Bd. of Ohio*, 10th Dist. No. 09AP-1194, 2010-Ohio-3485, ¶ 19 ("R.C. 3319.10 refers to two types of substitute teachers: (1) long-term substitute teachers, and (2) 'casual or day-to-day' substitute teachers."). In *Dennis*, the court determined the teacher was a long-term substitute teacher because he was "employed during the 1984-1985 school year for clearly defined periods to replace specific individuals," "[u]nlike substitute teachers employed on a casual basis, his classroom assignments did not vary day by day," and he was not paid on a per diem basis but was compensated according to the regular teachers' pay schedule. *Dennis* at 266.

{¶ 12} As explained above, in reviewing CCS's motion for judgment on the pleadings, the trial court was required to construe all material allegations in the complaint, and any reasonable inferences drawn from those allegations, as true and in favor of Tomety, as the non-moving party. Judgment on the pleadings may only be granted if no disputes of material fact exist and the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. With respect to his employment status, Tomety's pro se complaint contained only two material factual assertions: (1) he began working for CCS in September 2004, and (2) he was assigned to Cassady for September 14 and 15, 2015, as a substitute teacher for a special education teacher. Tomety did not assert he had an employment contract with CCS. Thus, the only evidence set forth in the complaint pertaining to the *Dennis* factors was that Tomety had a two-day assignment at Cassady. This suggests Tomety's assignments were variable and, therefore, he was employed as a casual or day-to-day substitute teacher. To the extent Tomety seeks to argue on appeal that he held a long-term substitute license or was previously employed as a long-term substitute teacher in prior years, those claims were not contained in his complaint and are not properly before the court. Under these circumstances, construing the assertions contained in the complaint in Tomety's favor, we cannot conclude the trial court erred by holding that Tomety was a casual or day-to-day substitute teacher. Further, we cannot conclude the trial court erred by holding Tomety was an at-will employee subject to termination for any lawful reason and CCS was entitled to judgment as a matter of law on Tomety's wrongful termination claim. *See Menzie* at ¶ 20 ("As a 'casual or day-to-day' substitute teacher, Menzie was employed for each day the Toledo City School District needed her services. Her employment terminated when the day's final school bell rang because, at that point, the district no longer needed her services.").

{¶ 13} Accordingly, we overrule Tomety's second assignment of error.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we overrule Tomety's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.